**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 25-33752** |
| **NIVO SOLAR LLC,** | § | |
| | § | **CHAPTER 7** |
| **DEBTOR** | § | |
| _____ | § | |
| | § | |
| **APTIVE ENVIROMENTAL, LLC,** | § | **ADVERSARY PROC.** |
| _Plaintiff/Judgment Creditor,_ | § | |
| | § | |
| **vs.** | § | **NO. _____** |
| | § | |
| **BEN ZEMONEK,** | § | _Removal from Cause No. 2025-65608_ |
| _Defendant/Judgment Debtor._ | § | _in the 55th Judicial District Court,_ |
| | § | _Harris County, Texas_ |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE COURT:

Ben Zemonek ("Defendant") comes before this Court and hereby files this Notice of Removal (the "Removal") under 28 U.S.C. § 1452, Rule 9027 of the Federal Rules of Bankruptcy Procedure, and Rule 9027-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, seeking to remove the State Court Action Cause No. 2025-65608 from the 55th Judicial District Court of Harris County, Texas (the "State Court Action") to the United States Bankruptcy Court for the Southern District of Texas, which currently has sole and exclusive jurisdiction over Nivo Solar, LLC ("Nivo" and/or "Debtor") pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. § 157(c)(1), and in support thereof would show unto the Court as follows:

### I.    Parties Pursuant to Local Rule 9027-1

1.    Ben Zemonek is an individual located in Harris County, Texas, with an address of 816 Sienna Palm Lane, Houston, Texas 77008. He has entered an appearance in this case, and thus

service has been accomplished. He may be contacted through his attorneys of record, Thane Tyler Sponsel, III and Zachary Clark, Sponsel Miller PLLC, located at 520 Post Oak Blvd, Suite 310, Houston, Texas 77027, with a phone number of (713) 892-5400.

2.      Aptive Environmental, LLC is a foreign limited liability company with an address listed as 5132 N 300 W, #15, Provo, Utah 84604. This party filed the underlying State Court Action, and thus no service of process is necessary. This party is represented by Clint Cowan, Lynn Pinker Hurst & Schwegmann, LLP, 2100 Ross Avenue, Suite 2700, Dallas, Texas 75201, with a phone number of (214) 981-3800.

## II.      Factual Background

3.      In 2023 and 2024, Aptive Environmental, LLC ("Aptive") sued both Defendant and Nivo for various causes of action related to Defendant's termination of employment with Aptive and new employment with Nivo. This dispute was settled by way of a Settlement Agreement and Mutual Release dated January 24, 2025 (the "Settlement Agreement").[1]

4.      Pursuant to the terms of the Settlement Agreement, Nivo was to pay to Aptive total consideration in the amount of $1,050,000.00, due in four equal installments of $262,500.00 beginning thirty days from the date of the Settlement Agreement and ending on December 31, 2025.[2]

5.      Payment under the Settlement Agreement was to be secured by a Confession of Judgment (the "COJ") in the amount of $1,050,000.00.[3] The COJ states that Nivo and Defendant

---

[1] A copy of the Settlement Agreement is attached hereto as Exhibit 1.
[2] *Id.*, p. 2, ¶ 1.
[3] *Id.,* p. 3, ¶ 3.

"shall be jointly and severally liable under the Judgment."[4] The COJ was not to be executed unless and until Nivo defaulted under the Settlement Agreement.[5]

6.      Nivo made the first payment under the Settlement Agreement, but failed to make the subsequent payment due on June 30, 2025.

7.      On June 30, 2025, Nivo filed Original Petition for Non-Individual Filing for Bankruptcy (the "Bankruptcy Action"), identified as Case No. 25-33752 in the Southern District of Texas, Bankruptcy Division.[6] Nivo identified Aptive as a creditor in the Bankruptcy Action, and provided notice to Aptive of the present bankruptcy proceeding.[7]

8.      On August 8, 2025, following the filing of the Bankruptcy Action, the Third Judicial District Court, Salt Lake County, State of Utah (the "Rendering Court") entered a judgment (the "Judgment") against Nivo and Defendant, "jointly and severally," in the amount of $1,050,000.00.[8]

9.      On September 4, 2025, Aptive filed the State Court Action against Defendant.[9] The State Court Action seeks to enforce the Judgment against Defendant pursuant to the Uniform Enforcement of Foreign Judgments Act. The State Court Judgment included as an attachment a copy of the Judgment that identifies both Nivo and Defendant as jointly and severally liable for the Judgment amount.[10]

10.      On October 7, 2025, Defendant filed his Original Answer and Affirmative Defenses (the "Original Answer").[11] In the Original Answer, Defendant specifically the affirmative defense

---

[4] *Id.*
[5] *Id.*
[6] ECF No. 1, Case No. 25-33752, pending in the Southern District of Texas Bankruptcy Court, Houston Division.
[7] ECF No. 2, Case No. 25-33752, pending in the Southern District of Texas Bankruptcy Court, Houston Division, p. 13, at 3.1.
[8] A copy of the Judgment is attached hereto as Exhibit 2.
[9] A copy of the State Court Action is attached hereto as Exhibit 3.
[10] *Id.,* p. 5.
[11] The Original Answer is attached hereto as Exhibit 4.

that the Rendering Court lacked jurisdiction to enter the Judgment because one of the parties to the Judgment, Nivo, had previously declared bankruptcy and was subject to the automatic stay pursuant to 11 U.S.C. § 362(a)(1).[12] The Original Answer further asserted that the automatic stay also applied to prevent entry of judgment against Defendant, a nondebtor, because the rights of Nivo and Defendant were "'inextricably intertwined."[13] Finally, the Original Answer asserted that the State Court Action should be dismissed for failure to join Nivo as an indispensable party.[14]

### III.   Grounds for Removal

11.   There are two means by which the bankruptcy court may exercise authority over a state court action; (1) core proceedings under 1334(b); and (2) related to jurisdiction under 157(c)(1). Both are present here.

12.   First, the bankruptcy court has jurisdiction when a case arises in or under title 11, and is thus a core proceeding. 28 U.S.C. § 1452(a) provides that "[a] party may remove any claim or cause of action in a civil action… to the district court where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334(b) grants the bankruptcy courts jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Federal courts have interpreted the "arising under" language to mean the bankruptcy court has jurisdiction over proceedings that "invoke a substantive right provided by the [Bankruptcy Code]." *EOP-Colonnade of Dallas Ltd. P'ship v. Faulkner (In re Stonebridge Techs., Inc.),* 430 F.3d 260, 267 (5th Cir. 2005).

---

[12] *Id.,* ¶ 2.
[13] *Id.*
[14] *Id.,* ¶ 3.

13.     Second, the bankruptcy court can exercise jurisdiction over proceedings that "relate to" a case under the bankruptcy code. 11 U.S.C. § 157(c)(1). A case is "related to" the bankruptcy code "when the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995). To put it a different way, a bankruptcy court will have related to jurisdiction "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action." *Id.*

14.     The present case is a "core proceeding" pursuant to 28 U.S.C. § 1334(b) because it involves a substantive right protected by the bankruptcy code – to wit, the automatic stay. 11 U.S.C. § 362(a)(1) provides that the commencement of a bankruptcy action automatically stays the commencement or continuation of a judicial, administrative, or other action proceeding against the debtor. 11 U.S.C. § 362(a)(1). The imposition of the automatic stay deprives any and all other courts of jurisdiction to render judgment against the debtor. While the automatic stay generally does not apply to nondebtor parties, an exception to this rule is found when "when the claims against the debtor and nondebtor parties are 'inextricably intertwined.'" *Federal Life Ins. Co. (Mut.) v. First Fin. Group of Tex., Inc.*, 3 B.R. 375, 376–77 (S.D.Tex.1980).

15.     In the present case, the imposition of the automatic stay meant that the Rendering Court lacked jurisdiction to enter the Judgment against Nivo. Additionally, because the Judgment is against both Nivo and Defendant, their obligations are so inextricably entwined that the automatic stay extends to any and all attempts to enforce the Judgment against Defendant as well. *Id.*  Thus, resolution of the present case involves the enforcement of the protections of a substantive bankruptcy right, and is thus a core proceeding under 1334(b).

16.     Second, the present court has "related to" jurisdiction pursuant to 11 U.S.C. § 157(c)(1). This is because the entry of the Judgment into the Texas jurisdiction for enforcement in

this state would also allow for enforcement of the Judgment against Nivo as the Debtor, impinging upon the rights and liabilities of Nivo.

17.     Additionally, the Judgment arises from an obligation for payment by Nivo of the judgment amount arising from a Settlement Agreement and Mutual Release dated January 24, 2025 (the "Settlement Agreement"). Therefore, Nivo's presence in the present lawsuit is so indispensable that Nivo's absence deprives the Court of jurisdiction over the present matter. *See Vondy v. Commissioner's Ct.*, 620 S.W.2d 104, 106 (Tex. 1981). The requirement of Nivo's presence in the State Court Action to fully adjudicate the rights of the parties could substantively impact the Debtor's rights, liabilities, and the general handling and administration of the bankruptcy estate.

18.     Therefore, the present Court has jurisdiction over the State Court Action pursuant to both the "arising in" and "related to" jurisdictional prongs of 28 U.S.C. § 1334(b) and 11 U.S.C. § 157(c)(1), respectively.

19.     In compliance with Rule 9027 of the Federal Rules of Bankruptcy Procedure, Defendant is filing a notice of removal with the clerk of this district, along with every document filed in the State Court Action as required by Rule 9027 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").  Copies of all documents filed in the State Court Action are attached hereto as Exhibit 5.

20.     Pursuant to FED. R. BANKR. P. 9027(a)(1) and Local Rule 9027-2, the Defendant, as the removing party, consents to the entry of final orders or judgment by the bankruptcy court.

21.     Pursuant to Local Rule 9027-1, Defendant is filing a copy of this Notice of Removal with the Clerk of the State Court Action, and serving copies of this Notice upon Aptive's counsel. The below service list contains a list of all parties and counsel to the removed proceeding.

## Prayer

Therefore, for the forgoing reasons, Defendant prays that the State Court Action be removed to the Bankruptcy Court and that the Bankruptcy Court authorize and direct any further relief to which the Defendant may be entitled.

Respectfully submitted,

**SPONSEL MILLER PLLC**

*/s/ Thane Tyler Sponsel III*
Thane Tyler Sponsel III
Attorney-In-Charge
Federal Bar No. 690068/Texas State Bar No. 24056361
Zachary A. Clark
Federal Bar No. 3087665/Texas State Bar No. 24097502
Allen B. Landon
Federal Bar No. 3028753/Texas State Bar No. 24091870
520 Post Oak Blvd, Suite 310
Houston, Texas 77027
Telephone: (713) 892-5400
Facsimile (713) 892-5401
Email: sponsel@smglawgroup.com
Email: zachary.clark@smglawgroup.com
Email: allen.landon@smglawgroup.com

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on 7th day of October, 2025, a true and correct copy of the foregoing *Notice of Removal* has been served on the following interested parties:

Clint Cowan
Texas Bar No: 24109760
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile
ccowan@lynnllp.com

**Attorney for Plaintiff**

/s/ *Zachary A. Clark*
Zachary A. Clark

8