Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

EXHIBIT
1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement, Mutual Release, and Agreement for Entry of Confession of Judgment (this "Agreement") is made and entered into as of the 24th day of January, 2025, among Nivo Solar, LLC, Bailey Sherman Zemonek, and Ben Zemonek, on the one hand, and Aptive Environmental, LLC, on the other, who shall be referred to collectively as the "Parties," or individually as a "Party."

## DEFINITIONS

1.      "Nivo" shall mean Nivo Solar, LLC, and its parents, affiliates, subsidiaries, directors, officers, attorneys, insurers, successors, and predecessors.

2.      "Aptive" shall mean Aptive Environmental, LLC, and its parents, affiliates, subsidiaries, directors, officers, attorneys, insurers, successors, and predecessors.

3.      The term "Texas Litigation" shall mean all claims that were or could have been asserted by Aptive in the action filed by Aptive against Nivo, and all counterclaims that could have been asserted in that action by Nivo, in the District Court of Harris County, Texas, 270th Judicial District, styled *Aptive Environmental, LLC v. Nivo Solar, LLC* and assigned Case No. 202422211.

4.      The term "Arbitration" shall mean all claims that were or could have been asserted by Aptive, and all counterclaims that could have been asserted in that action by Ben Zemonek, in the Arbitration Demand filed by Aptive against Ben Zemonek with the American Arbitration Association, styled *Aptive Environmental, LLC v. Zemonek* and assigned Case No. 01-23-0000-0543.

5.      The "Aptive Released Claims" shall mean the Texas Litigation and the Arbitration and any type or manner of suits, claims, demands, allegations, charges, damages, or causes of action whatsoever in law or in equity under federal, state, municipal or local statute, law, ordinance, regulation, constitution, or common law, whether known or unknown, which Aptive has ever had or now has against Nivo, Ben Zemonek, or Bailey Sherman Zemonek, including, but not limited to, breach of alleged contract, breach of the covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, fraud, misrepresentation, defamation, interference with existing or prospective economic advantage, interference with contract, violation of any applicable trade secret protection, conversion, and breach of duty.

6.      The "Nivo Released Claims" shall mean the Texas Litigation and any type or manner of suits, claims, demands, allegations, charges, damages, or causes of action whatsoever in law or in equity under federal, state, municipal or local statute, law, ordinance, regulation, constitution, or common law, whether known or unknown, which Nivo has ever had or now has against Aptive, including, but not limited to, breach of alleged contract, breach of the covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, fraud, misrepresentation, defamation, interference with existing or prospective economic advantage, interference with contract, violation of any applicable trade secret protection, conversion, and breach of duty.

1

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

7.      The "Zemonek Released Claims" shall mean the Arbitration and any type or manner of suits, claims, demands, allegations, charges, damages, or causes of action whatsoever in law or in equity under federal, state, municipal or local statute, law, ordinance, regulation, constitution, or common law, whether known or unknown, which Ben Zemonek and/or Bailey Sherman Zemonek has ever had or now has against Aptive, including, but not limited to, breach of alleged contract, breach of the covenant of good faith and fair dealing, intentional or negligent infliction of emotional distress, fraud, misrepresentation, defamation, interference with existing or prospective economic advantage, interference with contract, violation of any applicable trade secret protection, conversion, and breach of duty.

8.      The Aptive Released Claims, Nivo Released Claims, and the Zemonek Released Claims are collectively referred to herein as the "Released Claims."

## RECITALS

WHEREAS, the Parties desire to settle and compromise their respective Released Claims and to enter into this Agreement.

## COVENANTS

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in consideration of the mutual covenants set forth in this Agreement, the Parties agree as follows:

1.      Nivo Solar, LLC ("Nivo") shall pay Aptive Environmental, LLC the total sum of One Million Dollars ($1,050,000.00) (the "Settlement Amount") in four equal installments on the following schedule:

  a.      The amount of Two Hundred Twenty-Five Thousand Dollars ($262,500.00) no later than thirty (30) days after the date of the Parties' execution of this Agreement.

  b.      The amount of Two Hundred Twenty-Five Thousand Dollars ($262,500.00) by June 30, 2025.

  c.      The amount of Two Hundred Twenty-Five Thousand Dollars ($262,500.00) by September 30, 2025.

  d.      The amount of Two Hundred Twenty-Five Thousand Dollars ($262,500.00) by December 31, 2025.

2.      Within fourteen (14) days after Aptive's receipt of the first installment payment of the Settlement Amount as set forth in Section 1a. above, Aptive shall cause the Texas Litigation and the Arbitration to be dismissed with prejudice. Nivo and Ben Zemonek shall stipulate to such dismissals with prejudice and execute all documents that may be necessary to effectuate such dismissals. The Parties shall stipulate to a continuance of the Arbitration hearing scheduled to commence on March 11, 2025, and shall otherwise stipulate to a stay of all deadlines, disclosure

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

obligations, and discovery associated with the Arbitration and Texas Litigation pending dismissal of those proceedings.

3.      Confession of Judgment. Within four (4) days of the Execution Date, Nivo and Ben Zemonek shall separately execute and deliver to Aptive the Confession of Judgment, in the form attached hereto as Exhibit A ("*COJ*"), in the amount of $1,050,000.00, including the addition of interest as set forth herein and reasonable attorneys' fees incurred by Aptive in connection with filing the COJ and the Judgment attached as Exhibit 1 to the COJ, and collection of the Judgment against Nivo and Ben Zemonek, jointly and severally. Aptive may immediately file the COJ and Judgment in a Utah court of law, without prior notice to Nivo or Ben Zemonek, upon Nivo's Default of this Agreement.

a.      If there is a Default, all amounts owing under the Judgment shall accrue simple interest at a rate of eight percent (8%) per annum from the date of Default until paid.

b.      Nivo and Ben Zemonek shall be jointly and severally liable under the Judgment. Any payment by Nivo or Ben Zemonek to satisfy the Judgment resulting from the COJ shall constitute a reduction in the net liability reflected by the Judgment as to both Nivo and Ben Zemonek. Any fees, interest, collection charges, or reasonable attorneys' fees accrued constitute an increase in the net liability reflected by the judgment as to both Nivo and Ben Zemonek.

c.      If Nivo and/or Ben Zemonek do not deliver the executed COJ and Judgment with approval as to form to Aptive within two (2) days of the execution of this Agreement, this Agreement shall be null and void, with no release of claims or other obligations attaching to the Parties.

4.      This Agreement will be in default (a "*Default*") if Nivo breaches this Agreement by failing to timely pay Aptive the Settlement Amount in accordance with Section 1 of this Agreement, and Nivo fails to cure said breach within ten (10) days of the date of written notice. Aptive shall provide email notice to Nivo about a breach of this Agreement to the following and in the following manner:

Robby Marsh
Nivo Solar, LLC
robby@hellonivo.com

Mark Tolman
Parsons Behle & Latimer
mtolman@parsonsbehle.com

Beth Ranschau
Ray Quinney & Nebeker
branschau@rqn.com

3

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

5.     The Parties shall not pursue, or authorize anyone on his/her/its behalf to pursue, the Released Claims in any way in any court, governmental agency, or arbitration proceeding. Except for the Texas Litigation and Arbitration, each Party represents that he/she/it has not asserted nor does he/she/it have any other claims, complaints, charges, or lawsuits of any kind pending with any arbitration forum, governmental agency, or any state or federal court, against the other Parties. Each Party further agrees that he/she/it will not make any other filings against the other Parties for any Released Claims; provided, however, nothing in this Agreement shall limit or prevent a Party from filing a claim for the purpose of enforcing his/her/its rights under this Agreement. Each of the Parties shall bear his/her/its own costs and attorneys' fees.

6.     Each Party represents and warrants that (a) he/she/it is the sole owner of the respective Released Claims with right and power to grant, execute and deliver the full and complete releases, undertakings, and agreements herein contained, and (b) he/she/it not has assigned, transferred, or disposed of in fact, by operation of law or in any manner whatsoever his/her/its Released Claims.

7.     The Parties affirm they are not relying on any representations or statements made by each other which are not specifically included in this Agreement. All Parties acknowledge that they are represented by legal counsel regarding this release and confirm that they have consulted with counsel to the extent desired concerning the meaning and consequences of this Agreement.

8.     This Agreement constitutes the entire agreement between the Parties with relation to the subject matter hereof, however ongoing contractual obligations contained in Bailey Sherman Zemonek's and Ben Zemonek's Direct Seller Agreements with Aptive (the "Direct Seller Agreements") at sections 12 (Ownership of Work Product), 13 (Confidentiality, Non-Disclosure and Non-Solicitation), and 14 (Indemnification) will continue in full force and effect until those terms expire, except for the "Covenant Not to Compete" contained in section 13(D) of the Direct Seller Agreements which are no longer in force or effect. Any prior negotiations or correspondence relating to the subject matter hereof shall be deemed to have merged into this Agreement and to the extent inconsistent herewith shall be deemed to be of no force or effect. This Agreement may not be modified, nor any provision waived unless such modification or waiver is made in writing referring to this Agreement and signed by each Party. This Agreement shall be binding upon and inure to the benefit of each of the Party's respective successors, heirs, executors, administrators, and assigns.

9.     This Agreement may be executed in any number of counterparts, each of which when executed and delivered shall be an original, but all such counterparts shall constitute one and the same instrument.

10.     This Agreement for all purposes shall be governed by and construed in accordance with the laws of the State of Utah without regard to conflicts-of-laws principles. Any action or proceeding by any Party to enforce this Agreement shall be brought only in any state court located in the State of Utah. The Parties hereby irrevocably submit to the exclusive

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

jurisdiction of such courts and waive the defense of inconvenient forum as to the maintenance of any such action or proceeding in such venue.

11.     In the event legal action is commenced by any Party to enforce or interpret any term or obligation contained in this Agreement, the prevailing party in any such action shall be entitled to recover from the non-prevailing party its reasonable attorney fees and costs incurred by the prevailing party.

12.     The Parties acknowledge and understand this is a legal contract and that they sign this Agreement knowingly, freely, and voluntarily and have not been threatened, coerced, or intimidated into making the same. The Parties acknowledge that they have had ample and reasonable time to consider this Agreement and the effects and import of it and have had such counsel and advice, legal, or otherwise, as they desire to make this Agreement. THE PARTIES, BY SIGNING THIS AGREEMENT, ACKNOWLEDGE IT CONTAINS A RELEASE OF KNOWN AND UNKNOWN CLAIMS. The Parties have read and fully considered this Agreement and understand and desire to enter it. The terms of this Agreement were derived through mutual compromise and are fully understood.

{Remainder of Page Intentionally Blank}

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first set forth above.

**APTIVE ENVIRONMENTAL, LLC**

Signed by:

*Nathan Wilcox*

161919B4B2F5489...

BY: NATHAN WILCOX
ITS: CHIEF LEGAL OFFICER

**NIVO SOLAR, LLC**

Signed by:

*Robert A. Marsh Jr.*

DC53DF6AAAED4F0...

BY: ROBBY MARSH
ITS: CHIEF FINANCIAL OFFICER

**BAILEY SHERMAN ZEMONEK**

Signed by:

*Bailey Sherman Zemonek*

03B8DFFBE4914B9...

**BEN ZEMONEK**

Signed by:

226A7E49BB00415...

6

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

# EXHIBIT A

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

**IN THE THIRD JUDICIAL DISTRICT COURT**

**SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| **APTIVE ENVIRONMENTAL, LLC,** | **CONFESSION OF JUDGMENT** |
| **Plaintiff,** | |
| **v.** | |
| **NIVO SOLAR, LLC; and BEN ZEMONEK,** | **Civil No. _____** |
| **Defendants.** | **Judge _____** |

Pursuant to Utah Code Ann. § 78B-23-102 and Rule 58A(i) of the Utah Rules of Civil Procedure, Nivo Solar, LLC ("Nivo") and Ben Zemonek ("Zemonek"), now and hereafter authorize entry of judgment against them, jointly and severally, in favor of Aptive Environmental, LLC ("Aptive"), as follows:

1.      That judgment be entered in favor of Aptive against Nivo and Zemonek, jointly and severally, for the sum of $1,050,000.00 (the "Judgment Amount").

2.      This Confession of Judgment and Judgment Amount constitute a portion of the damages Aptive alleges it suffered as a result of Zemonek's alleged violations of his contractual obligations and Nivo's alleged tortious interference with Aptive's contractual relationships with its employees.

3.      Pursuant to the Settlement Agreement entered into on or about the 24th day of January 2025, Nivo and Zemonek acknowledge and agree that they owe the Judgment Amount, jointly and severally, and confess judgment for said amount.

2

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

4.      Aptive and its authorized representative and/or legal counsel are authorized by Nivo and Zemonek to file the Judgment, the form of which is attached hereto as Exhibit 1, after the occurrence of a default as defined in the Settlement Agreement.

5.      Nivo and Zemonek acknowledge and agree that Aptive may obtain, *ex parte*, a judgment against Nivo and Zemonek, jointly and severally, for the Judgment Amount, $1,050,000.00, authorized and owing.

6.      The judgment may be augmented in the amount of reasonable costs and attorneys' fees expended in collecting the judgment, including the costs and attorneys' fees incurred in filing the judgment and Confession of Judgment with this Court.

7.      Nivo and Zemonek acknowledge that they are represented by legal counsel regarding the terms and conditions of the Confession of Judgment, the Judgment Amount, and the Judgment (attached as Exhibit 1) and freely consent and agree to be bound by such terms and conditions.

DATED this ___th day of January 2025.

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

NIVO SOLAR, LLC

By:_____
Title: _____

SWORN AND SUBSCRIBED before me this ____ day of January 2025.


_____
NOTARY PUBLIC

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

_____
BEN ZEMONEK


SWORN AND SUBSCRIBED before me this _____ day of January 2025.


_____
NOTARY PUBLIC

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

# EXHIBIT 1

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

Matthew A. Steward (#7637)
Victoria B. Finlinson (#15103)
CLYDE SNOW & SESSIONS
One Utah Center
201 S. Main Street, 13th Floor
Salt Lake City, Utah 84111-2516
Telephone: 801.322.2516
Facsimile: 801.521.6280
mas@clydesnow.com
vbf@clydesnow.com

*Attorneys for Plaintiff Aptive Environmental, LLC*

---

**IN THE THIRD JUDICIAL DISTRICT COURT**

**SALT LAKE COUNTY, STATE OF UTAH**

| | |
|---|---|
| **APTIVE ENVIRONMENTAL, LLC,** | **JUDGMENT** |
| **Plaintiff,** | |
| **v.** | |
| | Civil No. _____ |
| **NIVO SOLAR, LLC; and BEN ZEMONEK,** | Judge _____ |
| **Defendants.** | |

Pursuant to Utah Code Ann.§ 78B-23-102 and Rule 58A(i) of the Utah Rules of Civil

Procedure and the Confession of Judgment, judgment is hereby entered for Aptive

Environmental, LLC ("Aptive") and against Nivo Solar, LLC and Ben Zemonek, jointly and

severally, in the amount of $1,050,000.00.  The amount of the judgment shall be increased by the

amount of any reasonable costs and attorneys' fees incurred by Plaintiff in its execution and

2

Docusign Envelope ID: 981D9B2D-0846-45C8-84BD-5E0A7B6DD13A

satisfaction of this judgment and post-judgment statutory interest, as allowed by the Parties'

agreement and approved by the Court.

### **** ENTERED BY THE COURT ON THE DATE AND AS INDICATED BY THE COURT'S SEAL ON THE FIRST PAGE****

**APPROVED AS TO FORM AND CONTENT**

PARSONS BEHLE & LATIMER

Signed by:

*Mark Tolman*

A9E6148E814A4E9...

Mark Tolman
*Attorney for Defendant Nivo*

RAY QUINNEY & NEBEKER

Signed by:

*Beth Ranschau*

6253D30D568D410...

Beth Ranschau
*Attorney for Defendant Ben Zemonek*

3